UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH KYLE FOUST,** | 2:22-CV-12607-TGB-RSW |
| Petitioner, | |
| vs. | **OPINION AND ORDER DISMISSING PETITION WITHOUT PREJUDICE, DENYING AS MOOT OTHER PENDING MOTIONS, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| **JONATHAN HEMINGWAY,** | |
| Respondent. | |

Joseph Kyle Foust, presently residing at 944 Langley Road in Staley, North Carolina, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Foust challenges the Bureau of Prison's (BOP) refusal to grant him sentencing credits against his federal sentence for Possession with Intent to Distribute Methamphetamine. Foust argues that the First Step Act of 2018 entitles him to these sentencing credits.

Respondent filed a motion to dismiss the petition, arguing that Foust failed to exhaust his administrative remedies. For following reasons, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily dismissed without prejudice.

1

## I. DISCUSSION

Foust failed to exhaust his administrative remedies prior to filing his petition. Therefore, his petition is dismissed without prejudice.

A federal habeas corpus petitioner must exhaust his administrative remedies before seeking relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231-32 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g., Luedtke,* 704 F.3d at 466.

The Bureau of Prisons maintains an extensive administrative remedy procedure through which an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Pursuant to this administrative procedure, a prisoner who seeks review of a complaint concerning the BOP must appeal to the warden or community corrections manager, to the Regional Director, and finally to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994) (citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Although Foust began the administrative review process, he did not file an appeal with the Office of General Counsel, thus his claim remains unexhausted. *See United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002).

The Court recognizes that petitioner has now been released from federal prison. This does not excuse him from exhausting his administrative remedies, because the administrative remedy program still applies to former prisoners for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001) (citing 28 C.F.R. § 542.10).

There is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)). But Foust has failed to show that it would be futile to attempt to exhaust his administrative remedies. *Cf. Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003) (habeas petitioner's failure to exhaust his state court remedies before seeking habeas relief from his state conviction under 28 U.S.C. § 2254 disqualified him from being able to invoke the futility exception to the exhaustion rule).

Because Foust failed to exhaust his available administrative remedies and the futility exception does not apply, his petition will be dismissed. *See e.g. Gates-Bey v. U.S. Parole Com'n,* 9 F. App'x 308, 310 (6th Cir. 2001). In light of the dismissal, Foust's motions to expedite the petition are now moot. Foust's motion for release on bail has also been mooted by his release from custody.

Accordingly, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

3

**IT IS FURTHER ORDERED** that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis* because an appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED** this 4th day of August, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge